# United States Court of Appeals
## For the First Circuit

Nos. 18-1165, 18-1166

IN RE: THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR
PUERTO RICO, AS REPRESENTATIVE FOR THE COMMONWEALTH OF
PUERTO RICO; THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR
PUERTO RICO, AS REPRESENTATIVE FOR THE PUERTO RICO HIGHWAYS &
TRANSPORTATION AUTHORITY,

Debtors.

ASSURED GUARANTY CORPORATION; ASSURED GUARANTY MUNICIPAL
CORPORATION; FINANCIAL GUARANTY INSURANCE COMPANY; NATIONAL
PUBLIC FINANCE GUARANTEE CORPORATION,

Plaintiffs, Appellants,

v.

THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,
AS REPRESENTATIVE FOR THE COMMONWEALTH OF PUERTO RICO;
FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO;
PUERTO RICO FISCAL AGENCY AND FINANCIAL ADVISORY AURTHORITY;
THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,
AS REPRESENTATIVE FOR THE PUERTO RICO HIGHWAYS & TRANSPORTATION
AUTHORITY; RICARDO ROSSELLÓ-NEVARES; GERARDO JOSÉ PORTELA-
FRANCO; CARLOS CONTRERAS-APONTE; JOSÉ IVÁN MARRERO-ROSADO;
RAÚL MALDONADO-GAUTIER; NATALIE A. JARESKO,

Defendants, Appellees,

JOSÉ B. CARRIÓN III; ANDREW G. BRIGGS; CARLOS M. GARCÍA;
ARTHUR J. GONZÁLEZ; JOSÉ R. GONZÁLEZ; ANA J. MATOSANTOS;
DAVID A. SKEEL, JR.; CHRISTIAN SOBRINO,

Defendants.

**ERRATA SHEET**

The opinion of this Court, issued on March 26, 2019, is amended as follows:

Replace the paragraph starting at page 21, line 1, and ending at page 22, line 7, with the following:

Furthermore, contrary to the Insurers' contention, our construction does not render Section 922(d) superfluous. Before Congress adopted the 1988 Amendments there was ample reason to believe that Section 362(a) stayed a creditor from accepting voluntary payments from a debtor or stayed a creditor from applying debtor funds already in the creditor's possession (as security) to the debt. See, e.g., 6 Collier on Bankruptcy ¶ 362.03 ("[I]nnocent conduct such as the cashing of checks received from account debtors of accounts assigned as security may be a technical violation [of Section 362(a)(6)]."). Thus, Section 922(d) made clear that a creditor holding pledged special revenues as security may apply those revenues to outstanding debt, notwithstanding the automatic stay.